

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2005

# Serbin v. Consolidated Rail

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3964

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Serbin v. Consolidated Rail" (2005). *2005 Decisions.* Paper 866.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/866

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3964
_____

JOHN M. SERBIN,

Appellant

v.

CONSOLIDATED RAIL CORPORATION
a/k/a CONRAIL

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-06957)
District Judge:  Honorable John P. Fullam
_____

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2005

Before: *NYGAARD, SMITH and FISHER, *Circuit Judges*.

(Filed July 12, 2005 )
_____
OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

　　Appellant John M. Serbin brought this action against his former employer, alleging

_____

*Honorable Richard L. Nygaard assumed senior status on July 9, 2005.

that Consolidated Rail Corporation ("Conrail") violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act") when it attempted to "force-promote" him from a trainman position to engineer and later terminated his employment. The United States District Court for the Eastern District of Pennsylvania granted summary judgment to Conrail. We will affirm, focusing principally on the rationale for our decision.

## I.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of the grant of summary judgment, employing the same standard as the district court – i.e., summary judgment is appropriate where the record shows no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Glanzman v. Metropolitan Management Corp.*, 391 F.3d 506, 508 n.1 (3d Cir. 2004).[1]

---

[1] The order on appeal was entered upon consideration of Conrail's "motion to dismiss, or in the alternative, for summary judgment." Appellant thus knew that the motion could be treated as one for summary judgment and indeed, he submitted materials beyond the complaint, including his own affidavit. *See Hilfirty v. Shipman*, 91 F.3d 573 (3d Cir. 1996) (where motions to dismiss framed in the alternative for summary judgement, plaintiff was on notice of conversion). Appellant was thus appropriately held to the more demanding evidentiary standard required to avoid summary judgment rather than to the standard for dismissal of a complaint. *See id.* at 579 ("[w]here a party has filed a motion for summary judgment, the opposing party is under an obligation to respond to that motion in a timely fashion and to place before the court all materials it wishes to have considered when the court rules on the motion.") (internal citation omitted). To the extent Appellant now complains that summary judgment was premature in the absence of an answer or discovery, we note he did not invoke Fed.R.Civ.P. 56(f) before the District Court. *See Bradley v. United States*, 299 F.3d 197, 207 (3d Cir. 2002) ("We have made clear that, in all but the most exceptional cases, failure to comply with

2

To establish a prima facie case of discrimination under the ADA, a plaintiff must show: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Williams v. Philadelphia Housing Auth. Police Dept.*, 380 F.3d 751, 761 (3d Cir. 2004) (internal citation omitted); *see also Donahue v. Consolidated Rail Corp.*, 224 F.3d 226, 229 (3d Cir. 2000) (elements for prima facie showing under the Rehabilitation Act). Under the burden-shifting paradigm of *McDonnell Douglas*, once a plaintiff in an action under either Act makes out a prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the action. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994); *see also Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153 (3d Cir. 1995) *(McDonnell Douglas* framework applicable to claims under Rehabilitation Act). If a defendant satisfies this burden, a plaintiff may defeat a motion for summary judgment by providing evidence that would allow a fact finder reasonably to (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not the motivating or determinative cause of the employer's

Rule 56(f) is fatal to a claim of insufficient discovery on appeal."). There are no such exceptional circumstances here.

3

action. *Sarullo v. United States Postal Service*, 352 F.3d 789, 800 (3d Cir. 2003). The ultimate burden of persuasion remains at all times with the plaintiff.

II.

The record shows that when Appellant was first hired by Conrail in late 2000 as a trainman, he disclosed, and a medical examination confirmed, 100% hearing loss in his left ear. When Conrail "force-promoted" him to the position of engineer in May 2002 as permitted under the applicable collective bargaining agreement, Appellant was required to fill out a medical questionnaire in connection with that transfer. In response to the question labeled: "History: Have you ever had or do you now have any of the following?" he checked "Yes" not only for hearing loss, but also for a wide range of other impairments, including epilepsy, seizures or fits, loss of consciousness, dizziness or fainting spells, and sleep disorder. A. 52. On that same day, Appellant was examined by two physicians – Dr. Tumasz (his family physician) and Dr. Kirkpatrick (at Conrail's request) – both of whom deferred to further evaluation by Conrail's medical director. A. 76-77; 81-82. Dr. Kirkpatrick specified: "Patient does not pass physical for engineer pending evaluation by Conrail medical director." A. 76. Conrail determined that the additional ailments identified by Appellant on the questionnaire were serious medical conditions that would preclude him from performing the essential functions of either the trainman or engineer positions. A. 51 (Decl. of Sandra Compo (Conrail Director/Assistant Secretary Compliance)). Accordingly, in June 2002, Conrail placed

4

Appellant on medical leave and asked him to provide additional information to substantiate that he did not suffer from these additional ailments. In December 2002, Appellant submitted a brief letter from Dr. Tumasz documenting that he had not been diagnosed with these additional ailments. A. 83. In March 2003, Appellant's employment was terminated, allegedly because he was "absent without satisfactory written proof of an authorized leave of absence." A. 20-21 (Complaint). Ms. Compo declared that "[a]t no time did [Appellant] provide Conrail's Medical Department with information reflecting that his listed medical conditions had been fully evaluated, appropriately treated, currently stable, under control or resolved. ... Accordingly, after five months without adequate medical documentation regarding his medical conditions or their accommodation, Conrail terminated [Appellant's] seniority as permitted by [the collective bargaining agreement]." A. 51 (Compo Decl.).

Appellant contends that Conrail discriminated against him on the basis of his hearing loss, which he believed rendered him unqualified for the engineer position. Conrail countered that this discrimination action was preempted by the mandatory arbitration provisions of the Railway Labor Act, and that Appellant has been terminated because he never adequately explained away the additional ailments identified on the questionnaire. The District Court first ruled that the action was not preempted, Mem. Op. at 2-4, and then granted summary judgment to Conrail, on the ground that Appellant had

5

failed to establish a prima facie case under either Act.[2] *Id.* at 5-6.  In the body of its opinion, the District Court speculated that there were two explanations for Appellant's identification of the additional ailments on the questionnaire – he actually suffered from them or had purposefully misrepresented them to avoid the transfer. *Id.* at 6.  The District Court then concluded:  "In either case, the actions taken by Conrail could not reasonably be found to violate plaintiff's rights under [either Act]." *Id.*

We agree with Appellant that, at least in theory, there could be more than two explanations for why he identified the additional ailments on the questionnaire.  As his attorney suggested during oral argument before the District Court, Appellant may have simply taken a confusing form too literally.  The case, however, was before the District Court on a motion for summary judgment; Appellant thus had an obligation to do more than simply speculate as to other possible explanations for his behavior.  Notably, his affidavit did not seek to explain why he had identified the additional ailments – a critical omission in light of Conrail's articulation of a legitimate, non-discriminatory reason for the termination. *See infra*.  Thus, it was not improper for the District Court on this record to limit the inferences from the evidence to two, both of which would prevent Appellant

---

[2]Conrail invites us to find this action preempted as a separate and independent basis for affirming the order below.  What Conrail actually argues, however, is that the District Court erred in its resolution of preemption.  We will not review this issue in the absence of a cross-appeal.

from showing he was "qualified" for either position as required by the second prong of the prima facie case.[3]

We further conclude that, assuming a prima facie showing by Appellant, Conrail has proffered a legitimate, nondiscriminatory reason for its actions and Appellant has failed to offer sufficient evidence from which a jury could find that reason pretextual. To survive summary judgment, a plaintiff must set forth evidence to allow a fact finder reasonably to (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not the motivating or determinative cause of the employer's action. *Sarullo*, 352 F.3d at 799-800. A plaintiff can meet this burden by showing that the employer's proffered reason was "weak, incoherent, implausible, or so inconsistent that 'a reasonable factfinder could rationally find [it] unworthy of credence.'" *See id.* at 800 (quoting *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108-09 (3d Cir. 1997)). Appellant has not met this burden. Again, his affidavit does not explain why he identified the additional ailments, nor does he offer

---

[3]We recognize the existence of a question on the record whether Appellant was qualified for the engineer position due to his hearing loss. Appellant believed at all times that he was unqualified; Conrail, citing 49 C.F.R. §§ 240.121, 240.207 and Appendix F to Section 240, contends he was not. The District Court, in setting forth the facts, stated that Appellant "did not, in fact, meet the physical requirements for an engineer position, because of his hearing loss," Mem. Op. at 2, but Conrail maintains this is erroneous. Our disposition renders this question irrelevant. Additionally, there is some question whether Conrail could provide the relief Appellant seeks – i.e., reinstatement to the trainman position – without violating the collective bargaining agreement, which Conrail interprets to prevent a trainman force-promoted to engineer from returning to the trainman position. Our disposition renders this question irrelevant also.

any other evidence to dispute Conrail's recitation that it sought additional information from him and terminated his employment when a satisfactory explanation was not forthcoming. At best, Appellant faults Conrail for not following up on the examining physicians' deferral to examination by Conrail's medical director. Conrail's conduct in this regard, however, is not necessarily surprising as it appears to have rightfully placed the onus of explanation on Appellant; regardless, we will not say that Conrail's conduct casts sufficient doubt on the credibility of Conrail's non-discriminatory reason for its actions so as to preclude summary judgment.

Accordingly, we will affirm the order entering summary judgment for Conrail.